UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IDRISSA K. LIPSCOMB** | **CIVIL ACTION** |
| **Plaintiffs** | **NO. 11-2555** |
| **VERSUS** | **SECTION "H"** |
| **ZURICH AMERICAN INSURANCE COMPANY ET AL.** | **JUDGE MILAZZO** |
| **Defendants** | |

**ORDER & REASONS**

IT IS ORDERED that Defendants' Motion for Dismissal (Doc. 13) is GRANTED. The Court finds that it lacks subject matter jurisdiction over Plaintiff's claims.

**BACKGROUND**

This case arises out of a motor vehicle accident that occurred on October 15, 2010. Plaintiff Idrissa K. Lipscomb was making a left turn when a tractor-trailer driven by Defendant Merrit Muse (Muse), owned by Defendants Linden Bulk Transportation Co. (Linden) and/or M & S Leasing Co. (M & S) and insured by Defendant Zurich American Insurance Company (Zurich), crossed the

1

dividing line while also attempting to make a left turn and struck Plaintiff's vehicle. Plaintiff has filed suit against Zurich, Muse, Linden, and M & S alleging that Defendants are jointly, severally, and *in solido* liable to Plaintiff for her injuries and damages resulting from the collision. Defendants filed the current Motion on November 28, 2011. (Doc. 13.) Plaintiff filed a Response on December 1, 2011 (Doc. 15), and Defendants filed a Sur-Reply on December 14, 2011. (Doc. 19). The Court took the Motion under submission on December 21, 2011.

**LEGAL STANDARD**

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331 and § 1332.

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. Heeremac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss and must show that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158,

161 (5th Cir. 2001).

**LAW & ANALYSIS**

The issue before the Court is whether the Court has federal question jurisdiction over Plaintiff's claims. The Court finds that it does not have subject matter jurisdiction since neither the Federal Motor Safety Carrier Improvement Act, the Federal Motor Carrier Act, nor the Federal Motor Carrier Safety Regulations creates a private cause of action. Additionally, the remaining claims are allegations of mere negligence that do not necessarily depend on resolution of a substantial question of federal law.

Federal question jurisdiction is invoked when a plaintiff properly pleads a claim arising under the Constitution or the laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681-85 (1946). "This so-called 'arising under' or 'federal question' jurisdiction has long been governed by the well-pleaded-complaint rule, which provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 11 (2003) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "Congress has given the lower federal courts jurisdiction to hear . . . only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

"[T]he mere presence of a federal issue in a state cause of action does not automatically

3

confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). The "*Franchise Tax Board's* necessary-resolution language should be read as part of a carefully nuanced standard rather than a broad and simplistic rule." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008)."[F]ederal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.; see also In re Vioxx Prods. Liab. Litig.*, No. 10-1115, 2012 U.S. Dist. LEXIS 2526, at *41 (5th Cir. Jan. 3, 2012).

Plaintiff contends that the Court has federal question jurisdiction because Defendants violated the Federal Motor Safety Carrier Improvement Act and/or the Federal Motor Carrier Act, as well as the Federal Motor Carrier Safety Regulations. Plaintiff specifically alleges that Defendants Linden, M & S, and Muse were negligent in failing to adhere to the Federal Motor Carrier Safety Regulations as well as to the Commercial Drivers Licensing Manuals. Plaintiff argues that Congress created an independent and private cause of action for violations of the motor carrier safety statues and regulations and relies on the holding in *Marrier v. New Penn Motor Express, Inc.*, 140 F. Supp. 2d 326 (D. Vt. 2001), to substantiate this claim. In contrast, Defendants state that every other court considering the issue has found that these statutes and regulations do not create a personal cause of action with respect to personal injury cases. Defendants reason that because *Marrier* is the only case in which a court has found that there is a private right of action, and since

4

all others have found that Section 14704(a)(2) applies only to commercial damages, the Court lacks subject matter jurisdiction over Plaintiff's claims.

The Court finds Defendants' argument more persuasive. The majority of courts do not agree with the decision in *Marrier* and instead find that only a commercial cause of action exists, not a private cause of action. This position is based on legislative history and interpretation of subsequent provisions. Furthermore, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813. While some of Plaintiff's claims implicate federal trucking law, the heart of the action involves a standard automobile negligence case and common issues of state law.

The Fifth Circuit has not yet ruled on whether 49 U.S.C. § 14704(a)(2) (2006) expressly or impliedly provides a private right of action for personal injury claims. Section 14704(a)(2) provides for the rights and remedies of persons injured by carriers or brokers and provides that "[a] carrier or broker . . . is liable for damages sustained by a person as a result of an act or omission of that carrier or broker in violation of this part [49 USCS §§ 13101 et seq.]." The court in *Marrier* stated that by its terms, "the plain meaning of the statute . . .creates a private right of action for personal injury." 140 F. Supp. 2d. at 329.

However, the majority of courts disagree. The court's discussion in *Craft v. Graebel-Oklahoma Movers, Inc.*, 178 P.3d 170 (Okla. 2007), provides insight into the varied interpretations of the statute.

5

> This Court has identified 39 published and unpublished opinions discussing section 14704. Most of these opinions consider claims for commercial damages arising under subsections (a)(1) and (b). Only three consider whether section 14704(a)(2) authorizes a claim for personal injury. In *Marrier v. New Penn Motor Express, Inc.*, 140 F. Supp.2d 326 (D. Vt. 2001), the federal district court of Vermont concluded that it did. No other courts, however, have followed *Marrier's* lead. In *Stewart v. Mitchell Transport*, 241 F. Supp.2d 1216 (D. Kan. 2002), and *Schramm v. Foster*, 341 F. Supp.2d 536 (D. Md. 2004), the federal district courts of Kansas and Maryland rejected *Marrier* and concluded that section 14704 does not create a private right of action for personal injury. Both opinions concluded that, even though subsection (a)(2) implies a right of action for any person under any circumstances, the statute as a whole is clearly limited to commercial damages. In addition, the legislative history establishes that Congress was interested only in enabling private entities to assume the Interstate Commerce Commission's role to enforce the commercial aspects of the Motor Carrier Act. We are persuaded by the superior reasoning of the federal district courts of Maryland and Kansas and conclude that Plaintiff has not stated a federal claim.

*Id.* at 176-77.[1]

Additionally, Plaintiff's claims do not involve a substantial question of federal law. While Plaintiff's Complaint does mention federal trucking law, it does not include a substantially disputed federal law which needs to be interpreted for resolution of the dispute. In *Thompson v. Merrell Dow*, the Sixth Circuit stated that if no private right of action is created under federal law, "[f]ederal question jurisdiction would, thus, exist only if plaintiffs' right to relief *depended necessarily* on a substantial question of federal law. If a jury could find negligence on the part of [a defendant]

---

[1] *See also Jones v. D'Souza*, No. 7:06CV00547, 2007 U.S. Dist. LEXIS 66993, at *22-24, (W.D. Va. Sept. 11, 2007) (finding the statute does not create a private right of action for personal injuries); *Tierney v. Arrowhead Concrete Works, Inc.*, 791 N.W.2d 540, 546-47 (Minn. Ct. App. 2010) ("[T]he district court did not err in holding that 49 U.S.C. § 14704(a)(2) does not create a private cause of action for personal injury.").

6

without finding a violation of the [federal act], the plaintiffs' causes of action [do] not depend necessarily upon a question of federal law." 766 F.2d 1005, 1006 (6th Cir. 1985), *aff'd*, 478 U.S. 804 (1986). Here, a jury could find negligence on the part of Defendants without finding a violation of the federal statutes or regulations. Therefore, Plaintiff's claims do not "arise under" the Constitution, treaties, or laws of the United States.

## CONCLUSION

Defendants' Motion for Dismissal is GRANTED. The Court lacks federal subject matter jurisdiction over Plaintiff's claims.

New Orleans, Louisiana, this 24th day of May, 2012.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT COURT JUDGE